## CIRCUIT COURT OF FAIRFAX COUNTY

McLean Hilton

v.

Quantum Communications
Group, Inc.

June 5, 2002

Case No. (Law) 203396

By Judge Michael P. McWeeny

This matter came before the Court on Plaintiff's motion to confirm an arbitration award. The Court heard oral argument on May 10, 2002. At the hearing, the Defendant raised the issue of notice of the arbitration proceedings and opposed confirmation of the arbitrator's award. The Court then invited counsel to submit briefs on the issue of notice. Having fully reviewed the briefs and the controlling law, the Court concludes that Defendant had actual notice of the arbitration proceedings. For the reasons set forth below, the Court will confirm the Arbitrator's Final Award of $129,160.00.

The parties entered into a contract in October 2000. Under the terms of the contract, Plaintiff was to provide meeting space and catering for Defendant; Defendant agreed to pay for same. The contract further provided that any dispute "arising out of or related to [the] contract" could be arbitrated at the request of either party. Contract ¶ 21. JAMS/ENDISPUTE was the contractually selected arbitrator. *Id.* Within the contract term, a dispute arose regarding Defendant's failure to pay Plaintiff's bills for January and February 2001.

Plaintiff sent a demand for Arbitration to Defendant on August 7, 2001, via Federal Express. Thus began the arbitration proceedings. The method of notice also gives rise to Defendant's objection to the arbitration and the subsequent monetary awards.

Plaintiff's Demand for Arbitration set forth the names of the parties and the nature of the dispute, as well as a copy of the operative contract. Upon receipt of the Demand for Arbitration, JAMS issued a Notice of Commencement of Arbitration to both parties on August 17, 2001, via facsimile and first-class mail. This notice included a complete copy of the current JAMS rules and Notice of Administrative Conference with the Case Manager on August 30, 2001, via telephone conference at 2:30 p.m. eastern time. Although Plaintiff participated in the Administrative Conference, Defendant did not. On August 31, 2001, the Case Manager sent a Notice of Failure to Participate to Defendant via first-class mail, Return Receipt Requested. L. Lyddane[1] signed for the letter. On September 3, 2001, there was another preliminary meeting in which Defendant did not participate. The results of the meeting were memorialized in a letter dated September 4, 2001, that was transmitted to both parties via facsimile and first-class mail. Among other things, the letter asked each party to rank the proposed arbitrators by September 7, 2001.

Still without any response from Defendant, JAMS selected an arbitrator. On September 12, 2001, the Case Manager sent a Notice of Appointment of Arbitrator to both parties via facsimile and first-class mail, Return Receipt Requested. An unknown person[2] signed for this letter on September 24, 2001. On October 2, the Case Manager sent a facsimile to the parties scheduling a conference call with the Arbitrator the following day. Once again, Plaintiff participated but Defendant did not. The Arbitrator entered a Pre-Hearing Order on October 5, 2001. A copy of this Order was sent to both parties via facsimile and first-class mail, Return Receipt Requested. Sylvia Layne signed for the Order on October 10, 2001. Then, on October 12, the Case Manager sent a letter, again via facsimile and first-class mail, Return Receipt Requested, setting the arbitration hearing for November 13, 2001, in Washington, D.C., and enclosing an invoice for the arbitration. Noel Kaufman[3] signed for the letter on October 16, 2001. Ultimately, without any participation or objection by Defendant, the Arbitrator rendered a decision. The Arbitrator awarded Plaintiff $129,160.00 by Order entered on November 30, 2001. Finally, the Arbitrator [made] an Award on Fees and Costs on March 19, 2002. This award included $3,721.38 in attorney's fees and costs and $5,562.96 for the costs of the arbitration. Plaintiff seeks confirmation of both awards.

---

[1] Defendant admits that Larry Lyddane is an officer of the corporation.

[2] The signature on the Return Receipt is not legible.

[3] Defendant admits the Noel Kaufman is an employee; however, he is not an officer of the corporation.

Having never answered, appeared, or otherwise objected to the arbitration proceedings and similarly having never appealed the awards to this Court, Defendant now objects to Plaintiff's motion to confirm the arbitration award. The sole basis for Defendant's objection is an asserted lack of notice of the arbitration proceedings. Defendant asserts this objection in two parts. First, Defendant argues that Plaintiff has not proved that it ever received the Demand for Arbitration. Defendant avers that, in fact, it did not receive the demand. Second, Defendant argues that the notice, such as it was, was invalid because of a misnomer. Essentially, Defendant argues that notice means service of process on a properly named individual. Unfortunately for Defendant, however, that level of formality is not required by the JAMS Rules.

"Service under these Rules . . . may be made by hand-delivery, overnight delivery, U.S. mail on in accordance with the Federal Rules of Civil Procedure." JAMS Rule 8. Therefore, service of process is not required to commence a JAMS arbitration proceeding. Nevertheless, even assuming that Defendant is correct, under Virginia law actual notice of the proceedings serves to cure any defect in service. See Virginia Code § 8.01-288. Defendant conceded that it had actual notice of the proceedings on brief when it admitted that a corporate officer signed for the Notice of Failure to Participate.[4] Thus the Court finds that the method of service is proper under the circumstances of this case.

Next, Defendant argues that it did not have proper notice of the proceedings because the notices were directed to an individual who is not an officer of the corporation and is not known to it. This argument fails. Misnomers are not unknown in the law. Indeed they are common and Virginia law makes provision for them. In the case of a misnomer, a party is permitted to amend and the amendment relates back to the original filing. See Virginia Code § 8.01-6. Moreover, the proceedings in the instant action were against the corporation, not any particular individual. The corporation was properly named in all notices, including the original Demand for Arbitration. Finally, Plaintiff has submitted a Federal Express receipt that notes that Larry Lyddane[5] signed for the package containing the Demand for Arbitration on August 8, 2001. As the Court has already determined that an officer of the corporation had actual notice of the proceedings, the corporation had actual notice of the proceedings against it. Nothing more is required.

---

[4] The Court notes that this Notice came long before the hearing or the Arbitrator's ultimate awards.

[5] Lyddane is a corporate officer. See n. 1 *supra*.

Finally, Defendant objected to the venue of this Court. Objections to venue "shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action." Virginia Code § 8.01-264. The Sheriff of Fairfax served Defendant's registered agent with process in the instant action on April 23, 2001. Defendant raised its objection to venue for the first time in a brief filed with the Court on May 16, 2002. This objection came too late and is therefore waived.

"Upon application of a party any time after an award is made, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating, or modifying or correcting the award, in which case the court shall proceed as provided in §§ 8.01-581.010 and 8.01-581.011." Virginia Code § 8.01-581.09. Both sections referenced require the party seeking vacation, modification, or correction of the award to make the appropriate application to the Court within ninety days of delivery of the award. See Virginia Code §§ 8.01-581.010 and 8.01-581.011. Even if application is made within the requisite time period, the Court has limited jurisdiction to make changes or award a vacation of the arbitration award. In no event is the Court permitted to substitute its own judgment for that of the arbitrator. *See id.*

Here, Defendant did not raise any objection within the statutorily required ninety-day period. Moreover, Defendant has asserted only the notice issue as grounds for vacating or modifying the award. As the Court has already decided that issue in favor of Plaintiff, there is nothing left for the Court to do but confirm the Final Award. The Court, however, cannot rule on the Award of Fees and Costs at this time because the ninety days have not run as to that award.